■ ANGELA AMELIO et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Respondent and Third-Party Plaintiff-Respondent. BOY's ATHLETIC LEAGUE, Third-Party Defendant-Appellant; CITY OF NEW YORK, Third-Party Defendant.—Order, Supreme Court, Bronx County, entered on or about May 4, 1979, granting in part defendant and third-party plaintiff, New York City Housing Authority's (NYCHA) motion for summary judgment requiring third-party defendant-appellant, Boy's Athletic League (League), to indemnify NYCHA for damages sustained by plaintiff, is affirmed, with costs and disbursements. Plaintiff was injured on an access walkway leading from a community center located in a housing authority complex to the public sidewalk. At the time of this accident the existing lease between NYCHA and Boy's Athletic League, which granted use of the demised premises on a rent free basis, contained an all encompassing indemnification provision. Clause "Eleventh" (quoted in pertinent part in the dissent) is unequivocal in its language and intent. The housing authority was to be indemnified against all liability to any person injured in the use of the premises or on the walkways leading thereto. Such is the plain meaning of this agreement (Levine v Shell Oil Co., 28 NY2d 205), and our dissenting colleague goes to great lengths in his restrictive reading of this clause. Additionally, the League was required to carry liability insurance covering injuries sustained in or about the premises including the sidewalks "in front of or adjoining the same." Concur—Sullivan, J. P., Ross, Lupiano and Bloom, JJ.

Silverman, J., dissents in the following memorandum: I would reverse the order appealed from and remand the matter for a hearing to determine the meaning of the indemnification agreement in the light of the surrounding circumstances. Plaintiff claims to have been injured due to a defective condition of a walkway in a housing project of defendant New York City Housing Authority which apparently led from the entrance of the community center building on the housing authority grounds to the public sidewalk. A portion of the first floor of the community center building was leased, rent free, to third-party defendant Boy's Athletic League. The Trial Term held that under the lease BAL had indemnified NYCHA from liability

to third persons for injuries on the walkway, apparently even if the negligence was that of NYCHA. Of course parties can agree to indemnify one of them against liability for its own negligence where that appears to be the "unmistakable intent" or "plain meaning" of the agreement. *(Levine v Shell Oil Co.,* 28 NY2d 205, 212.) I do not believe that such plain meaning is apparent on the face of this agreement. The critical language of the lease is: "The Lessee shall forever indemnify and keep, hold and save harmless the Lessor from and against any and all liability penalties, losses, damages, expenses, suits and judgments arising from injury during the term of this Lease to person or property of any nature, and also from any matter or thing growing out of the use and occupation of the demised premises, by the Lessee, its agents, employees, visitors or licensees or of the sidewalks or walks adjacent thereto." Awkward as the language is, I have difficulty in reading the phrase "of the sidewalks or walks adjacent thereto," otherwise than in parallel with the phrase "of the demised premises," so that the meaning of the phrase is the same as if it read: "from any matter or thing growing out of the use and occupation of the demised premises [or of the sidewalks or walks adjacent thereto] by the Lessee, its agents, employees, visitors or licensees." Otherwise I do not see as a simple matter of syntax how the phrase beginning with the word "of" can be read into the sentence, or what the phrase modifies. As plaintiff was not the lessee, its agent, employee, visitor or licensee, and so far as appears the accident did not grow out of the use and occupation by any such person, I think that, at least on its face, the agreement does not clearly provide for indemnification. The clause of the lease requiring the lessee to carry public liability insurance again requires it only to insure the "lessee" not the lessor.