■ Vito J. Russo, Respondent, v 491 West Street Corp., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about July 9, 1990, which denied the motion by defendant 491 West Street Corp. for summary judgment pursuant to CPLR 3212, dismissing the complaint, unanimously affirmed, with costs.

In the underlying action, plaintiff seeks to recover monetary damages for personal injuries he sustained on June 5, 1983 when he was struck by an iron bar attached to a drop awning at premises owned by defendant 491 West Street Corp. and leased to defendant River Entertaining, Inc., doing business as River Disco Club.

The IAS court properly determined that summary judgment in the defendant's favor was precluded by a triable issue of fact in light of the retention by defendant 491 West Street Corp., in the subject lease, of the right to reenter the leased premises for purposes of inspection and repair.

Although a landlord is generally not liable for negligence with respect to the condition of his property after the transfer of possession and control thereof to a tenant, nevertheless, liability will attach to a landlord out of possession where the owner is contractually obligated to make repairs or maintain the premises *(Putnam v Stout,* 38 NY2d 607), or where the owner of a leased commercial building, who retains the right to reenter and inspect and to make needed repairs at the tenant's expense, had a statutory duty to properly maintain the premises. *(Brooks v Dupont Assocs.,* 164 AD2d 847.)

Based upon the foregoing principles, we find that summary judgment in the defendant's favor was not warranted where the lease in question contained both a covenant to repair and a retention of the right to reenter for such a purpose, and where the plaintiff's complaint alleged a violation by the landlord of the applicable statutes and ordinances imposing liability upon the landlord for the safe maintenance of the premises. *(Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566 [1987].)

Finally, the attorney's affirmation submitted by the plaintiff

in opposition to the motion for summary judgment was sufficient. Although the affirmation of an attorney who lacks personal knowledge of the facts usually does not have the probative value to defeat a motion for summary judgment, the affirmation of an attorney based upon documentary evidence, as in the case at bar, will be considered by the court *(Zuckerman v City of New York,* 49 NY2d 557, 563).

We have reviewed the remaining claims by defendant 491 West Street Corp. and find them to be without merit. Concur —Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.