■ VIBEKE LEVY, Respondent, v EVELYN DAITZ, Doing Business as WITKIN GALLERY et al., Respondents, and 413 WEST BROADWAY CORPORATION, Appellant. [601 NYS2d 294] —Order of the Supreme Court, New York County (William J. Davis, J.), entered on or about May 4, 1992, which denied defendant 413 West Broadway's motion for summary judgment dismissing

the complaint as against it, unanimously reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing and severing the complaint as against it.

Order of the same court and Justice, entered December 14, 1992, which denied defendant 413 West Broadway's motion for leave to reargue, dismissed as non-appealable, without costs.

In this action to recover damages for personal injury, plaintiff alleges that she slipped on a waxed floor while on premises leased by defendant Witkin Gallery, Inc. from appellant 413 West Broadway Corporation. The lease expressly places responsibility for cleaning the demised premises upon the Gallery, and it is undisputed that the Gallery engaged the services of defendant Cleaning Services Industries to clean and wax the floor. Plaintiff, in her examination before trial, stated that she fell while approaching the elevator and while she was still about five feet away from it. In denying appellant landlord's motion for summary judgment, Supreme Court found that a triable issue of fact exists with respect to whether the area in which plaintiff fell is within the demised premises or "in the area owned and not leased by the defendant '413'."

The record reveals that the self-service elevator plaintiff was approaching when she fell was installed in the premises pursuant to paragraph 48 of the lease. In addition, the affidavit of plaintiff's counsel submitted in opposition to the motion states that "any person getting off the elevator would be in the defendant, Witkin Gallery's premises." The record is devoid of any evidence that the area of plaintiff's fall is not in the demised premises and, thus, plaintiff has failed to "submit evidentiary facts or materials * * * demonstrating the existence of a triable issue of ultimate fact" (*Indig v Finkelstein,* 23 NY2d 728, 729) necessary to defeat the motion. Plaintiff's allegations amount to no more than speculation and conjecture (*Zuckerman v City of New York,* 49 NY2d 557, 562).

As this Court stated in *Manning v New York Tel. Co.* (157 AD2d 264, 266), "a landlord is not liable for injuries sustained by third parties on the demised premises after possession has been transferred to the tenant, unless the landlord has covenanted to maintain or repair the premises". While the retention in the lease of the right to reenter the demised premises and make repairs might furnish a basis for liability in the case of a structural or design defect in violation of statute (*Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 565-566), the claimed defect is neither structural nor alleged

to be in violation of any specific statutory safety provision *(Manning v New York Tel. Co., supra,* at 270). Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.