■ ROSALIND QUINONES, Respondent, v 27 THIRD CITY KING
RESTAURANT, INC., Doing Business as DYNASTY RESTAURANT,
Respondent, and EDWARD GABAY et al., Doing Business as
GABAY AND AMERI, Appellants. [603 NYS2d 130] —Order of the
Supreme Court, Bronx County (Bertram Katz, J.), entered
November 17, 1992, which, *inter alia,* denied the defendants-
appellants' cross-motion for summary judgment pursuant to
CPLR 3212 dismissing the complaint, and on all cross-claims
asserted against them, unanimously reversed insofar as ap-
pealed from, on the law, with costs, and the defendants-appel-
lants' cross-motion is granted. The clerk is directed to enter
judgment in favor of the defendants-appellants accordingly.

The plaintiff's complaint alleges that she fell and suffered
personal injuries while leaving the defendant-respondent's
restaurant when her heel became caught in a crack or defect
in a step located inside the restaurant. Plaintiff's affidavit
stated that the step had a "plastic like" covering on it which
"had apparently been worn out and was rutted with pits and
holes". The bill of particulars included photographs taken of
the step depicting the area where plaintiff's heel allegedly
became caught.

It is not disputed that pursuant to an assumption agree-
ment entered into by the defendant-appellant Gabay and
Ameri and the defendant-respondent 27 Third City King
Restaurant, the Restaurant assumed the existing lease and
agreed to take possession of the demised premises "as is". The
lease provided that the owner or its agent retained the right,
but was not obligated, to enter the demised premises at any
time in any emergency, and at other reasonable times to, *inter
alia,* examine and make such repairs as deemed necessary and
reasonably desirable to comply with the law, etc., or in the
event that the tenant failed to make repairs or perform any
work tenant was obligated to perform under the lease. The
parties further do not dispute that the defendant-respondent
Restaurant did substantial remodeling to the leased space,
which included the replacement of the floor and the installa-
tion of the interior step where plaintiff allegedly fell.

"[T]he reservation of a right to reenter, inspect and make
repairs, even without a duty to do so, may subject a landlord
to liability in commercial premises covered by the Administra-
tive Code of the City of New York." *(Manning v New York Tel.
Co.,* 157 AD2d 264, 269, citing *Guzman v Haven Plaza Hous.*

*Dev. Fund Co.,* 69 NY2d 559.) However, we have held that only a significant structural or design defect in violation of a specific statutory safety provision will furnish a basis for such liability *(supra; Levy v Daitz,* 196 AD2d 454). Here the ruts, pitting and holes in the plastic covering of an interior step installed by the tenant, do not constitute a significant structural defect, and it has not been alleged that there was a violation of any specific statutory provision *(supra). Sergio v Benjolo N.V.* (168 AD2d 235), relied upon by the plaintiff-respondent does not compel a different result. The dispositive issue therein was whether plaintiff had a viable cause of action under Labor Law § 241 (6) and Industrial Code (12 NYCRR) § 23-1.7 (e). Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.