(April 27, 1995)

■ GEORGE VELAZQUEZ, Respondent, v TYLER GRAPHICS, LTD., Defendant and Third-Party Plaintiff Respondent-Appellant. DESALVO AND WAYNE, INC., Third-Party Defendant Appellant-Respondent. [625 NYS2d 537] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered November 23, 1993, which *inter alia,* denied the motion by defendant and third-party plaintiff to set aside the verdict as against the weight of the credible evidence and granted the motion by defendant and third-party plaintiff to set aside the apportionment between it and third-party defendant as against the weight of the credible evidence, unanimously reversed, on the law, and the complaint dismissed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff, seeking to hold an out-of-possession landlord liable for injuries suffered upon its premises, failed to establish a prima facie case. Generally, an out-of-possession landlord may not be held liable for a third party's injuries on his premises unless he has notice of the defect and has consented to be responsible for maintenance or repair *(Manning v New York Tel. Co.,* 157 AD2d 264, 266-269; *see also, Worth Distribs. v Latham,* 59 NY2d 231, 238). However, constructive notice may be found where an out-of-possession landlord reserves a right under the terms of a lease to enter the premises for the purpose of inspection and maintenance or repair and a specific statutory violation exists *(Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566; *Worth Distribs. v Latham, supra; see also, Santiago v Port Auth.,* 203 AD2d 217, *lv denied* 84 NY2d 807; *Levy v Daitz,* 196 AD2d 454). In such case, only a significant structural or design defect that is contrary to a specific statutory safety provision will support imposition of liability against the landlord *(Quinones v 27 Third City King Rest.,* 198 AD2d 23, 24; *Levy v Daitz, supra).*

The record indicates that the landlord did not have any actual or constructive notice of the alleged defect nor did it consent to be responsible for its repair. When the accident

occurred in September, 1985, the third-party defendant, plaintiff's employer DeSalvo, had been a month-to-month holdover tenant since 1979, subject to the terms of the original lease. Defendant purchased the premises in May, 1985, immediately indicating its intention not to become a landlord and immediately giving notice to DeSalvo to vacate, which it refused to do. Defendant immediately commenced eviction proceedings and, pursuant to the advice of counsel, refrained from entering the premises while DeSalvo remained. Although the original lease did provide the landlord a right of reentry, under these circumstances we decline to enforce it against defendant, given their posture towards the tenancy, and the fact that the lease was long-expired and not negotiated by them.

Plaintiff's effort to establish a constructive notice case also fails because the specific statutory safety provision that he alleged to be violated was not a statute but a regulation and, in any case, was not applicable to the circumstances at issue. 9 NYCRR 814.1 (f) (now 9 NYCRR 762.1 [f]) is a provision of the State Uniform Fire Prevention and Building Code, regulations enacted pursuant to the Executive Law. *Guzman (supra)* specifically limits its holding to circumstances where a duty is imposed by *statute (see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra,* at 567, n 4). In *Conte v Large Scale Dev. Corp.* (10 NY2d 20, 29) the Court of Appeals notes: "the violation of a rule of an administrative body, lacking the force and effect of a substantive legislative enactment, 'did not establish negligence *per se* but was simply some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject.' "

As for its applicability to these circumstances, 9 NYCRR 762.1 (f) provides as follows: "(f) Walking surfaces to which persons have access and which are elevated more than 18 inches above adjacent surfaces, including, but not limited to, bridges, balconies and mezzanines, shall be protected by parapet walls or guardrails at least three feet in height and meeting the requirements set forth in section 803.9 of this code, except where such guardrails will interfere with the intended use, as, for example, lecture platforms, loading platforms and similar construction."

The surface at issue, a storage platform built atop a "drop" acoustic tile ceiling along with the surrounding ceiling area, was accessible only by ladder. The accident occurred when the plaintiff stepped from the platform onto the ceiling and fell through to the floor below, a distance of eight feet. This surface was not intended as a "walking surface", but a place

of storage strong enough to support human weight while objects were brought to or removed from it; plaintiff did not fall from a height because of the absence of a parapet or guardrail, but because he stepped onto a ceiling which could not support his weight.

This distinction renders inapposite plaintiff's citation of *Lesocovich v 180 Madison Ave. Corp.* (81 NY2d 982) in support of his contention that the storage platform was a "walking surface" pursuant to 9 NYCRR 762.1 (f). That case involved a roof that was sometimes used by tenants and their guests for recreational purposes. Where plaintiff sustained injury and sought damages after falling over the edge of a one-story portion of the roof during a cookout, the Court of Appeals held that summary judgment should be denied defendants, since, *inter alia,* triable issues of fact existed as to whether the roof was a "walking surface" so that the failure to install a guardrail or parapet around the edge constituted negligence.

The facts in *Lesocovich (supra)* clearly fit the apparent intended purpose of 9 NYCRR 762.1 (f), unlike the instant case; *Lesocovich* also differs from the instant case in that the access to and use of the roof was not limited to the degree that it was for the storage platform. In sum, it is unlikely that 9 NYCRR 762.1 (f) was intended to be applicable in the instant case, and the trial court erred in allowing plaintiff to introduce it.

In view of our holding on this issue, we need not consider the merits of the defendants' remaining contentions. Were we to consider those contentions, we would find them to be without merit. Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.