■ GLORIA JOHNSON, Individually and as Mother and Natural Guardian of KAREEM JOHNSON, an Infant, Plaintiff, v URENA SERVICE CENTER, Doing Business as GETTY GAS STATION, et al., Defendants. GLORIA JOHNSON, Individually and as Mother and Natural Guardian of KAREEM JOHNSON, an Infant, Respondent, v URENA SERVICE CENTER, Doing Business as GETTY GAS STATION, et al., Defendants, and GETTY PETROLEUM CORP. et al., Appellants. [642 NYS2d 897] —Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered June 21, 1995, which

denied defendants-appellants' motion for summary judgment dismissing the complaint and cross-claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the complaint.

In the early evening hours of October 20, 1990, plaintiff's infant son, Kareem Johnson, then age 13, entered a Getty Gas Station located at Melrose Avenue and East 161st Street in the Bronx to use the public air hose to fill his bicycle tires. The station was owned by defendant Leemilt's Petroleum, Inc. ("Leemilt"), which leased it to defendant Getty Petroleum Corp. ("Getty"), which, in turn, leased it to defendant Urena Service Center, doing business as Getty Gas Station.

According to Kareem, he was accosted by a young man, identified as Paul Fludd, who tried to steal his bicycle. During the course of their extended 20 minute struggle, during which Kareem cried repeatedly for help, his assailant produced a knife and stabbed him, causing him grievous injuries, including rendering him a permanent paraplegic.

Plaintiff commenced two actions against various defendants. At issue on this motion is the liability of the defendants-appellants Leemilt and Getty.

A landlord is generally not liable for negligence with respect to the condition of property after the transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs and/or maintain the premises or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision (*Velazquez v Tyler Graphics*, 214 AD2d 489; *Quinones v 27 Third City King Rest.*, 198 AD2d 23, 24; *Russo v 491 W. St. Corp.*, 176 AD2d 672; *see also, Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *Putnam v Stout*, 38 NY2d 607).

Here, plaintiff has offered no argument or evidence that defendant Leemilt had any right or obligation either pursuant to its lease or any statute or regulation to maintain the safety of the premises or any right to reenter and inspect the property. Under these circumstances, Leemilt cannot be held liable for any failure on Urena's part to maintain the premises in a safe condition.

Moreover, the only maintenance obligations held by Getty pursuant to the parties' lease were to make certain "structural" repairs, and there is no allegation that there was any violation

of that obligation on Getty's part. While the lease also specifically permitted Getty to reenter the premises and allowed it to make other necessary repairs if Urena failed to do so, plaintiff has alleged no violation of any statutory requirement relating in any way to the protection of Urena's patrons from the criminal acts of third parties. Under these circumstances, Getty's contractual obligations were not sufficient to create an obligation on Getty's part to provide security measures to protect Urena's patrons from such acts (*see, Levy v Daitz*, 196 AD2d 454; *Manning v New York Tel. Co.*, 157 AD2d 264).

Plaintiff's further argument that these defendants were negligent for failing to summon the police is clearly inapposite. Even assuming that Getty had some liability for security measures, as an out-of-possession landlord it may clearly not be held liable for the failure of those actually on the premises to promptly summon the police.

Finally, there is no evidence that the infant plaintiff relied on defendant Getty's apparent authority in deciding to enter the premises, as would be necessary to support plaintiff's agency cause of action (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, *lv dismissed in part and denied in part* 73 NY2d 783).

Under these circumstances, these defendants were entitled to summary judgment dismissing the complaint as against them. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.