■ RICHARD McALLAN, Appellant, v 124-128 WEST 134TH STREET TENANTS ASSOCIATION et al., Respondents. [643 NYS2d 70] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered December 22, 1992, which insofar as appealed from as limited by plaintiff's brief, directed a verdict in favor of defendant City of New York, and order, same court and Justice, entered July 8, 1993, which denied plaintiff's motion for a default judgment against defendant 124-128 134th Street Tenants Association and granted the City's cross motion to dismiss the action as against the Tenants Association upon the basis of an open-court stipulation entered into at the trial, unanimously affirmed, without costs.

The record clearly shows that plaintiff stipulated to a dismissal of his cause of action against the Tenants Association, and no reason appears why the stipulation should not be enforced (*see, Hallock v State of New York*, 64 NY2d 224, 230). The trial court also properly precluded plaintiff from putting in proof of inadequate lighting of the stairs on which he fell. Even if the City did receive notice of the inadequate lighting claim at the General Municipal Law § 50-h hearing, the prejudice caused by its inability to timely investigate a condition assertedly due to a low wattage bulb suspended by electrical wires would not have been obviated, since the hearing was conducted several months after the filing of the notice of claim (*cf., D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893). Plaintiff's remaining claim that the City negligently allowed a bottle to remain on the stairs was properly dismissed, since the City was a landlord out of possession of the building, the lease provided that the Tenants Association was responsible for maintenance and plaintiff conceded that the City did not have actual or constructive notice (*see, Velazquez v Tyler Graphics*, 214 AD2d 489). Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.