■ Patrick Caiazzo et al., Appellants, v Tina Angelone, Respondent. (And a Third-Party Action.) [653 NYS2d 644] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 12, 1995, which granted the motion of the defendant for summary judgment dismissing the complaint

Ordered that the order is affirmed, with costs.

The plaintiff Michael Caiazzo was injured while working within the scope of his employment with the third-party defendant Great Atlantic and Pacific Tea Company (hereinafter A&P). In the process of unloading a shipment of frozen food, Mr. Caiazzo had one foot on a plate connected to the truck, and one on a freight elevator, and was injured when the freight elevator allegedly "bounced, dropped quickly, then proceeded down". According to the deposition testimony of one of the managers of the A&P store in question, a malfunction in the elevator's "safety" had been reported only shortly before the accident, and Mr. Caiazzo had been told not to use it. This witness also testified that the malfunction was corrected shortly after the accident when the elevator service company replaced a lock in the motor room of the elevator.

The defendant, the owner of the premises in question, demonstrated her right to summary judgment by showing that under the lease entered into between her predecessor, as landlord, and the A&P, as tenant, she had no duty to make nonstructural repairs. In an attempt to defeat the defendant's motion for summary judgment, the plaintiffs argued that the defendant's property was in violation of the Administrative Code of the City of New York and cited the portion of the lease which gave her the right to reenter the premises to make repairs (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559). The Supreme Court granted the defendant's motion. We affirm.

The plaintiffs failed to show that the incident was the result of the defendant's violation of a specific elevator safety provision. The Administrative Code provisions upon which they rely are nonspecific (*see, Manning v New York Tel. Co.*, 157 AD2d 264; *see also, Chrisostomides v Berjas Realty Co.*, 231 AD2d 601). Furthermore, the mechanical defect in the elevator cannot be considered structural (*see generally, Levy v Daitz*, 196 AD2d 454; *Quinones v 27 Third City King Rest.*, 198 AD2d 23; *see also, Stark v Port Auth.*, 224 AD2d 681; *Kilimnik v Mirage Rest.*, 223 AD2d 530; *Henderson v Hickory Pit Rest.*, 221 AD2d 161). In any event, Mr. Caiazzo himself averred that the particular type of malfunction experienced on the date of the accident was unprecedented in his own memory, and there is no basis upon which to find that the defendant had actual or constructive notice of that malfunction (*cf., Guzman v Haven Plaza Hous. Dev. Fund Co., supra*). Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.