■ ELDON GROUP AMERICA, INC., Respondent, v EQUIPTEX INDUSTRIAL PRODUCTS CORP., Appellant. [654 NYS2d 23] —Order and judgment (one paper), Supreme Court, Bronx County (Luis Gonzalez, J.), entered October 26, 1995, granting plaintiff summary judgment on its cause of action for goods sold and delivered, awarding plaintiff damages and severing defendant's counterclaims, unanimously affirmed, with costs.

Plaintiff proved a prima facie case through the affirmation of its attorney based upon documentary evidence (see, Russo v 491 W. St. Corp., 176 AD2d 672, 672-673), including proofs of delivery of the subject goods, acknowledgments of receipt and admissions of delivery by defendant's president at his deposition even though he never signed the transcript (CPLR 3116 [a]). There is no merit to defendant's claim that plaintiff's unilateral increase in the price of merchandise and refusal to allow defendant to pass along the increase to its customers on resale constituted economic duress. To constitute such, as the motion court stated, a threat to withhold goods must be accompanied by a showing not made here, " 'that the threatened party could not obtain the goods from another source of supply and that the ordinary remedy of an action for breach of contract would not be adequate' " (Walbern Press v C.V. Communications, 212 AD2d 460, quoting Austin Instrument v Loral Corp., 29 NY2d 124, 130-131; see also, Gulf & W. Corp. v Craftique Prods., 523 F Supp 603, 610). We would also note that the record contains strong indications of ratification of the higher price that defendant leaves unaddressed. The merits of defendant's counterclaims for breach of contract and tortious interference with contract were not sufficiently shown to warrant denial of summary judgment to plaintiff, and for that reason were properly severed (see, Sullivan County Natl. Bank v Mason, 67 AD2d 1045, lv denied 46 NY2d 714). Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.