■ SANDRA MENDOLA, Respondent, v 2125 SENECA STREET, Respondent, and 409 NIAGARA STREET ASSOCIATES, INC., Appellant. [654 NYS2d 922] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court should have granted the motion of 409 Niagara Street Associates, Inc. (defendant), for summary judgment. The record establishes that, on the date of plaintiff's accident, defendant was an out-of-possession owner-lessor of the property on which plaintiff fell and that it

had transferred possession and control of that property to its lessee; therefore, defendant cannot be held liable for injuries after the transfer (*see, Del Giacco v Noteworthy Co.*, 175 AD2d 516, 518; *Lynch v Lom-Sur Co.*, 161 AD2d 885, 886; *Mancini v Cappiello Realty Corp.*, 144 AD2d 154, 155, *lv denied* 73 NY2d 708). The fact that defendant, under the terms of the lease, reserved the right to enter the leased premises for the purposes of inspection and repair does not alter that result. An out-of-possession landlord who reserves that right may be held liable for injuries to a third party only where a specific statutory violation exists (*see, Velazquez v Tyler Graphics*, 214 AD2d 489; *Quinones v 27 Third City King Rest.*, 198 AD2d 23, 24; *Levy v Daitz*, 196 AD2d 454; *Brooks v Dupont Assocs.*, 164 AD2d 847, 848-849). Plaintiff failed to establish that his injuries resulted from defendant's violation of a specific statutory provision (*see, Quinones v 27 Third City King Rest., supra*). Consequently, we modify the order by granting defendant's motion for summary judgment and dismiss the complaint and cross claims against it. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.