■ CATHERINE REGENSDORFER et al., Respondents, v CENTRAL BUFFALO PROJECT CORPORATION, Appellant and Third-Party Plaintiff-Appellant-Respondent. UNITED STATES SHOE CORPORATION, Doing Business as CASUAL CORNER, Third-Party Defendant-Respondent-Appellant. [668 NYS2d 291] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum:

Supreme Court erred in denying the cross motion of defendant and third-party plaintiff, Central Buffalo Project Corporation (Central Buffalo), and the motion of third-party defendant, United States Shoe Corporation, doing business as Casual Corner (Casual Corner), for summary judgment dismissing the complaint. "It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises" (*De Brino v Benequista & Benequista Realty*, 175 AD2d 446, 447). The record establishes that Central Buffalo did not retain control of the premises in its lease with Casual Corner and that it did not undertake a course of conduct whereby it assumed responsibility to make nonstructural repairs (*see, Putnam v Stout*, 38 NY2d 607, 617-618; *Fresina v Nebush*, 209 AD2d 1004; *Mancini v Cappiello Realty Corp.*, 144 AD2d 154, 155, *lv denied* 73 NY2d 708). The fact that the lease obligated Central Buffalo to make structural repairs does not alter the result. The loose and frayed stairway treads located on stairs within the leased property do not constitute a structural defect and, therefore, liability may not be imposed on Central Buffalo "for a defect of this nature" (*Gelardo v ASMA Realty Corp.*, 137 AD2d 787, 788; *see, Quinones v 27 Third City King Rest.*, 198 AD2d 23, 24).

Although, under the terms of the lease, Central Buffalo reserved the right to enter the leased premises for the purposes of inspection and emergency and structural repair, "[a]n out-of-possession landlord who reserves that right may be held liable for injuries to a third party only where a specific statutory violation exists" (*Mendola v 2125 Seneca St.*, 237 AD2d 902, 903; *see, Velazquez v Tyler Graphics*, 214 AD2d 489). Here, plaintiffs failed to establish that the injuries of Catherine Regensdorfer (plaintiff) resulted from Central Buffalo's violation of a specific statutory safety provision (*see, Caiazzo v Angelone*, 236 AD2d 351; *Mendola v 2125 Seneca St., supra*; *Quinones v 27 Third City King Rest., supra*, at 24).

Plaintiffs also failed to meet their burden of showing that Central Buffalo had actual or constructive notice of the defective condition (*see, Caiazzo v Angelone, supra*). "[T]he burden is on the plaintiff to prove not only that a dangerous condition existed on the premises but also that the landlord had notice of that condition and a reasonable opportunity to repair it" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642; *see, Marchese v Fresh Meadows Assocs.*, 207 AD2d 871).

In light of our determination, it is unnecessary to reach the

contention of Central Buffalo that there is insufficient evidence to establish a causal connection between the defective condition and plaintiff's injuries.

The lease between Central Buffalo and Casual Corner requires Casual Corner to indemnify Central Buffalo "from all claims of third parties arising out of, or connected with, the business conducted on the Leased Premises". Thus, the court erred in denying the motion of Central Buffalo for summary judgment seeking contractual indemnification from Casual Corner (*see, Amelio v New York City Hous. Auth.*, 74 AD2d 752, *affd* 51 NY2d 885). Plaintiffs have not preserved for our review their contentions that General Obligations Law § 5-321 and the antisubrogation rule bar enforcement of the contractual indemnification provision, and we decline to reach those contentions in the exercise of discretion (*see generally, Wright v Nichter Constr. Co.*, 213 AD2d 995, 996).

Finally, the court properly denied Casual Corner's motion for summary judgment dismissing the third-party complaint. The amendment to Workers' Compensation Law § 11, which became effective September 10, 1996, is prospective only; therefore, it does not apply to actions pending on that date (*see, Matie v Sealed Air Corp.*, 242 AD2d 863; *Massella v Partner Indus. Prods.*, 242 AD2d 870). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.