■ RAFAEL ROSADO et al., Appellants, v NEUBERT REALTY CORP., Respondent. [679 NYS2d 134] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), entered August 6, 1996, which, upon the prior grant of defendant's motion made at the close of plaintiff's case pursuant to CPLR 4404, dismissed the complaint, unanimously affirmed, without costs.

The complaint was properly dismissed by the trial court at the close of plaintiff's case since the evidence did not permit the jury to rationally conclude that defendant, an out-of-possession landlord, was legally responsible for plaintiff's harm (*Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326, *lv denied* 88 NY2d 814; *see also, Velazquez v Tyler Graphics*, 214 AD2d 489). At trial, there was no testimony that defendant landlord was contractually obligated to make repairs and/or maintain the parking lot where plaintiff was injured. Nor was there evidence from which it could have been rationally inferred that defendant reserved a right to reenter the premises for purposes of inspection and maintenance or repair, or that the complained of defect involved a significant structural and/or design defect violating a specific statutory safety provision. Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.