■ YUL AVILA, Appellant, v RAHMAN NY INC., Respondent, et al., Defendant. (And a Third-Party Action.) [713 NYS2d 17] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about February 16, 1999, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) and common-law negligence claims, modified, on the law, to reinstate so much of plaintiff's common-law negligence claim as is based on the accumulation of debris, and otherwise affirmed, without costs.

Plaintiff alleges that he sustained his injuries when, after a summer storm, in the course of his routine practice of inspecting the roof of defendant's building, he bent down to remove

some debris covering the outside of and clogging the roof's uncovered drain pipe, whereupon water on the roof started to rush into the drain, sucking plaintiff's arm in almost up to the shoulder and pulling him flat to the ground. Such allegations show that plaintiff was not engaged in construction work when he sustained his injuries, and that he therefore does not have a cause of action under Labor Law § 241 (6) (*see, Lynch v Abax, Inc.*, 268 AD2d 366). Nor does plaintiff have a cause of action in common-law negligence based on defendant's failure to have a grate in place covering the drain. Plaintiff makes no claim that defendant actually knew that the drain was missing its cover, or that the cover had been missing for a long enough period of time to give defendant constructive notice of its absence. Plaintiff does claim constructive notice by reason of the absent drain cover constituting a violation of the New York City Building Code (citing *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559), but *Guzman* does not avail plaintiff because the missing drain cover was not a significant structural or design defect (*see, Quinones v 27 Third City King Rest.*, 198 AD2d 23), and also because the Building Code section invoked (Administrative Code of City of NY, tit 27, Appendix, Reference Standard RS 16, P110.9) is concerned with the prevention of clogged drains and the disposal of storm water, not with the prevention of persons being sucked into an uncovered drain (*cf., Velazquez v Tyler Graphics*, 214 AD2d 489, 490-491).

However, plaintiff does have a cause of action insofar as he claims that defendant was negligent in permitting debris to accumulate dangerously on the roof. An issue of fact as to whether defendant had notice of such danger is raised by the deposition testimony of its manager that he was aware of debris on the roof and had complained to the contractor whose workers he believed were responsible. On the issue of causation, defendant's expert's affidavit lacks foundational facts, e.g., an explanation of the "physics of fluid flow" relied on, necessary to support his conclusion that the accident could not have happened as described by plaintiff, and could only have happened if plaintiff placed his arm down the drain far enough to create a suction effect, breaking any causal connection between the accident and presence of debris covering the outside of the drain. We also reject the motion court holding that, as a matter of law, the debris "merely furnished the condition or occasion for the occurrence of the event rather than one of its causes" (citing *Sheehan v City of New York*, 40 NY2d 496, 503). While it is true, as the motion court stated, that plaintiff's arm would not have been sucked down the drain while cleaning debris had a grate been in place, it is also true that there would

have been no occasion for plaintiff to attempt to clear the drain of debris had debris not been present on the roof in the first place. In short, an issue of fact exists as to whether the presence of debris was a "substantial factor" in causing plaintiff's injury (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Concur—Williams, J. P., Tom and Rubin, JJ.

Andrias, J., dissents in a memorandum as follows: I would affirm the dismissal of plaintiff's common-law negligence claim based on the accumulation of debris. There is simply no prima facie showing that the presence of debris was a "substantial factor" in causing plaintiff's injury, which resulted solely from the absence of the grate over the drain pipe. On the contrary, the majority's statement that absent such debris there would have been "no occasion" for plaintiff to attempt to clear the drainpipe, reinforces the motion court's finding that the debris "merely furnished the condition or *occasion* for the occurrence of the event rather than one of its causes" (emphasis added).