■ JOHN GRONSKI et al., Appellants, v COUNTY OF MONROE, Respondent. [901 NYS2d 448]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered March 20, 2009 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by John Gronski (plaintiff) when he was struck by a corrugated bale of recycling material, weighing almost one ton, while working at a recycling facility owned but not operated by defendant. Pursuant to an Operations and Maintenance Agreement (Agreement), defendant assigned operational control over the facility to plaintiff's employer, Metro Waste Paper Recovery U.S., Inc. (Metro).

We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Pursuant to the Agreement, defendant delegated all responsibility for operation and maintenance of the facility to Metro, including responsibility for safety measures. Contrary to plaintiffs' contention, the court properly analogized this case to those cases involving out-of-possession landlords (see e.g. Ferro v Burton, 45 AD3d 1454 [2007]; Regensdorfer v Central Buffalo Project Corp., 247 AD2d 931, 932 [1998]). " 'It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises' " (Regensdorfer, 247 AD2d at 932). Defendant met its initial burden of establishing that it "did not exercise control over the subject [facility] or assume any contractual responsibility to maintain and repair it. Rather, [Metro] was contractually obligated . . . to repair and maintain" the facility (Thompson v Port Auth. of N.Y. & N.J., 305 AD2d 581, 582 [2003]). Plaintiff failed to raise a triable issue of fact sufficient to defeat the mo-

tion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Inasmuch as defendant did not retain operational control over the facility, we reject plaintiffs' further contention that defendant, as the landowner, owed a nondelegable duty to provide for plaintiff's safety (*cf. Bart v Universal Pictures*, 277 AD2d 4, 5 [2000]). We further conclude that the Department of Environmental Conservation permit obtained for the facility did not impose upon defendant any such nondelegable duty. Present— Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.