■ EDWARD HEIM et al., Respondents, v THE TRUSTEES OF CO-LUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Appellant, and CITY OF NEW YORK et al., Respondents. [917 NYS2d 159]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 11, 2010, which denied defendant Columbia's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for leave to amend the complaint to assert a cause of action against Columbia under General Municipal Law § 205-e (3), unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and the complaint dismissed as against Columbia. The Clerk is directed to enter judgment in favor of Columbia accordingly.

An out-of-possession landlord with a right of reentry may be held liable where it has constructive notice of a "significant structural or design defect in violation of a specific statutory safety provision" (*Quinones v 27 Third City King Rest.*, 198 AD2d 23, 24 [1993]). Columbia's contention that it did not have a right to reenter the premises to inspect or make repairs is belied by the plain language of the governing lease. Nonetheless, we find that the missing drain cover did not constitute a structural defect (*see Avila v Rahman NY*, 275 AD2d 271, 272 [2000]; *Morrone v Chelnik Parking Corp.*, 268 AD2d 268, 270 [2000]). Moreover, the Building Code provisions upon which plaintiff relies, relating to the load-bearing capacity of the basement floor, do not avail him, because they were designed to prevent a different harm from that allegedly suffered by plaintiff

(*see Avila*, 275 AD2d at 272). Accordingly, Columbia cannot be held liable for plaintiff's injury under a theory of constructive notice (*see Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005], *lv denied* 7 NY3d 703 [2006]), and plaintiffs' common-law negligence and Labor Law § 200 claims fail.

Other than their contention that the missing drain cover constituted a violation of the Building Code, plaintiffs point to no other statutory provisions which could serve as a predicate for their General Municipal Law § 205-e claim. As such, that claim also fails (*see. Williams v City of New York*, 2 NY3d 352, 365 [2004]). Concur—Tom, J.P., Saxe, DeGrasse and Freedman, JJ.