■ JOANNE NOEL HIGGINS, Respondent, v WEST 50TH ST. AS-SOCIATES, LLC, et al., Appellants, et al., Defendant. [942 NYS2d 83]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 11, 2011, which awarded plaintiff damages for past and future pain and suffering in the respective principal amounts of $1,500,000 and $1,000,000; awarded plaintiff damages for past and future lost earnings in the respective amounts of $129,004 and $2,000,000; and awarded plaintiff damages for past and future medical expenses in the respective amounts of $14,000 and $2,113,559, unanimously modified, on the law, to reduce the award for future lost earnings to $1,500,000, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 22, 2011, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Sufficient evidence of constructive notice was adduced at trial to support the jury's finding of liability against defendants. It was uncontested that the roof drain did not have a strainer cover, as required by New York City Building Code Reference Standard RS 16 § P110.9 (Adminstrative Code of City of NY, tit 27, ch 1, Appendix), and plaintiff's expert testified that the absence of the cover caused the roof drain to become clogged. It was also uncontested that the clog resulted in the water flowing down the stairs, causing plaintiff to slip and fall. Since defendants' porter admitted knowing that the roof drain did not have a strainer cover, defendants were on notice of the defect which was a substantial factor in bringing about the plaintiff's accident (cf. Avila v Rahman NY, 275 AD2d 271, 272 [2000]).

Nor were there errors at trial warranting vacatur of the verdict and remand for a new trial. No evidence was adduced that juror number 5 could not "communicate in . . . English" (Judiciary Law § 510 [4]), and it was not an abuse of discretion for the trial court to release another impaneled juror due to financial hardship (see CPLR 4106; Holmes v Weissman, 251 AD2d 1078 [1998]), or to permit plaintiff to call a number of lay witnesses to testify concerning the impact of the accident upon

her life. While plaintiff counsel's reference to Social Security disability in her opening statement was improper, it did not require a mistrial, as the court's curative instruction was sufficient (*see e.g. Smith v Vohrer*, 62 AD3d 528 [2009]).

We reduce plaintiff's award for future earnings, as indicated, to conform to the evidence. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 32 Misc 3d 1203(A), 2011 NY Slip Op 51157(U).]**