Dirschneider v Rolex Realty Co. LLC (2018 NY Slip Op 00253)





Dirschneider v Rolex Realty Co. LLC


2018 NY Slip Op 00253


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5453 113834/11 590301/13

[*1]Ron Dirschneider, Plaintiff-Respondent-Appellant,
v
Rolex Realty Company LLC, Defendant-Appellant-Respondent, Rolex Realty Company, Inc., et al., Defendants, PWI Construction, Inc., et al., Defendants-Respondents. [And a Third-Party Action]


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise M. Cherkis of counsel), for appellant-respondent and respondents.
Edelman, Krasin & Jaye, PLLC, Westbury (Kara M. Rosen of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about July 14, 2016, which, to the extent appealed from, granted defendants Rolex Realty Company LLC, PWI Construction, Inc., and St. John Apparel, LLC's motion for summary judgment dismissing the Labor Law § 240(1) claim as against them and the Labor Law § 200 and common-law negligence claims as against PWI and St. John, and denied plaintiff's cross motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, to deny defendants' motion to the extent it sought summary dismissal of the Labor Law § 240(1) claim as against all defendants and dismissal of the Labor Law § 200 and common-law negligence claims as against PWI and St. John, to grant defendants' motion to the extent it sought summary dismissal of the Labor Law § 200 and common-law negligence claims as against Rolex, and to grant plaintiff's cross motion for partial summary judgment as to liability on the Labor Law § 240(1) claim.
Plaintiff, while working on a renovation project, fell and sustained injuries to his right foot while helping to transport a 600-pound, 14-foot-long steel I-beam down a staircase. Based on this incident, plaintiff asserts, as relevant to this appeal, claims for violation of Labor Law §§ 240(1) and 200 and for common-law negligence against the general contractor for the project (PWI), the lessee of the premises for which the work was being performed (St. John), and the out-of-possession landlord of the premises (Rolex). In the order appealed from, Supreme Court granted defendants' motion for summary judgment to the extent of dismissing the Labor Law § 240(1) as against all defendants and the common-law negligence and Labor Law § 200 claims as against PWI and St. John, and denied plaintiff's cross motion for summary judgment as to liability on the Labor Law § 240(1) claim. Plaintiff and Rolex each has taken an appeal from the order to the extent aggrieved thereby.
The Labor Law § 200 and common-law negligence claims were incorrectly dismissed as against PWI and St. John. To the extent plaintiff's claim is based on allegations that his fall was due to the defective condition of the premises (including the presence of debris on the staircase, inadequate lighting, and the lack of a handrail), defendants can be held liable for plaintiff's injuries only if they created or had notice of the dangerous conditions on the premises (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Even [*2]assuming that PWI and St. John established a prima facie entitlement to summary judgment on these claims, plaintiff raised an issue of fact through his testimony that there was debris in the form of chopped concrete, pieces of wire, and trim studs on the steps, that there was no handrail, and that the lighting was dim. Further, the witness who testified that he recalled seeing a temporary handrail being installed could not recall when the handrail was installed.
However, the Labor Law § 200 and common-law negligence claims should be dismissed as against Rolex. The record demonstrates that Rolex, an out-of-possession landlord with a right of re-entry to maintain and repair, was not involved with the project and was not on site and thus that it had no actual notice of the dangerous conditions (see Torres v West St. Realty Co., 21 AD3d 718, 721 [1st Dept 2005], lv denied 7 NY3d 703 [2006]). The record demonstrates further that Rolex cannot be held liable under a theory of constructive notice because the dangerous conditions did not constitute significant structural or design defects that violated specific safety statutes (see Kittay v Moskowitz, 95 AD3d 451 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Heim v Trustees of Columbia Univ. in the City of N.Y., 81 AD3d 507 [1st Dept 2011]).
Finally, defendants were not entitled to summary judgment dismissing the claim under Labor Law § 240(1), and plaintiff was entitled to summary judgment as to liability on that claim. The record establishes a failure to provide plaintiff and his coworker with devices offering adequate protection against the gravity-related risks of moving an extremely heavy object down a staircase, leading to the workers' loss of control over the
object's descent and plaintiff's injuries (see Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK