Dinkins v Kansas Fried Chicken, Inc. (2018 NY Slip Op 00618)





Dinkins v Kansas Fried Chicken, Inc.


2018 NY Slip Op 00618


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5585 305567/11

[*1]Keron Dinkins, Plaintiff-Appellant,
v
Kansas Fried Chicken, Inc. doing business as Soundview Chicken, Inc., et al., Defendants-Respondents, Ez Runner Construction Corp., et al., Defendants.


The Altman Law Firm PLLC, New York (Michael T. Altman of counsel), for appellant.
McManus Ateshoglou Adams Aiello & Apostolakos PLLC, New York (Thomas S. Reilly of counsel), for Kansas Fried Chicken, Inc., respondent.
Rawle & Henderson LLP, New York (Derek E. Barrett of counsel), for ROGA, respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered November 17, 2016, which, to the extent appealed from, granted defendants Kansas Fried Chicken, Inc.'s and ROGA's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendant Kansas Fried Chicken established prima facie that it cannot be held liable for plaintiff's injuries by submitting the lease agreement for the premises showing that at the time of the accident it was an out-of-possession landlord with no duty to perform non-structural repairs (see Heim v Trustees of Columbia Univ. in the City of N.Y., 81 AD3d 507 [1st Dept 2011]). In opposition, plaintiff failed to raise a triable issue of fact, since his expert affidavit does not say that the condition of the drop ceiling that collapsed and fell on plaintiff violated a specific statutory safety provision (see Torres v West St. Realty Co., 21 AD3d 718, 721 [1st Dept 2005], lv denied 7 NY3d 703 [2006]).
The record demonstrates that defendant ROGA, which provided architectural consultation services pursuant to a contract with the owner of the restaurant where plaintiff was injured, owed no duty of care to plaintiff, who was not a party to the contract, and that there is no applicable exception here to the rule that a contractual duty will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). Plaintiff contends that ROGA launched a force of harm (id. at 140) by negligently designing the plans that the general contractor used to construct the drop ceiling. However, pursuant to its contract with the restaurant owner, ROGA had no obligations in connection with providing and installing the drop ceiling, for which the general contractor was responsible (see 87 Chambers, LLC v 77 Reade, [*2]LLC, 122 AD3d 540 [1st Dept 2014]). Nor did plaintiff raise an issue of fact through his expert affidavit, since the record shows that ROGA had no control over the drop ceiling that would be installed (see Davies v Ferentini, 79 AD3d 528, 530 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK