Henry v Hamilton Equities, Inc. (2018 NY Slip Op 03111)





Henry v Hamilton Equities, Inc.


2018 NY Slip Op 03111


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


6423 309820/11

[*1]Carol Henry, Plaintiff-Appellant,
v
Hamilton Equities, Inc., et al., Defendants-Respondents-Appellants, Rafae Construction Corp., et al., Defendants-Respondents.


Alan S. Friedman, New York, for appellant.
Kennedys CMK LLP, New York (Michael J. Tricarico of counsel), for respondents-appellants.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Rafae Construction Corp., respondent.
O'Toole Scrivo Fernandez Weiner Van Lieu LLC, New York (Sean C. Callahan of counsel), for AP Construction, Inc., respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about August 25, 2017, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Hamilton Equities, Inc., Hamilton Equities Company, and Suzan Chait-Grandt, as administrator of the estate of Joel Chait, for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it: (1) is contractually obligated by lease or otherwise to make repairs or maintain the premises, or (2) has a contractual right to re-enter, inspect and make needed repairs, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision (see Johnson v Urena Serv. Ctr. , 227 AD2d 325, 326 [1st Dept 1996], lv denied 88 NY2d 814 [1996]).
Here, the motion court properly declined to impose a duty to plaintiff on Hamilton based on the HUD Agreement that guaranteed defendant Hamilton Equities Company's mortgage. As plaintiff's expert indicated, the purpose of paragraph 7 of the HUD Agreement was to protect the integrity of the building that was subject to the mortgage guaranteed by HUD. Thus, the intention was to benefit HUD and the bank, not third-parties injured on the premises.
Moreover, the HUD Agreement's requirement to establish an escrow fund for repairs that was accessible by the tenant suggests that HUD and Hamilton Equities intended to delegate the duty to repair to the tenant. The social policy considerations cited by the Court of Appeals in Putnam v Stout (38 NY2d 607, 617-618 [1976]), are promoted only where the landlord had a contractual obligation directly to the tenant.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK