Keenan v Christie's Inc. (2020 NY Slip Op 07706)





Keenan v Christie's Inc.


2020 NY Slip Op 07706


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 154986/16 595016/17 Appeal No. 12690 Case No. 2020-01581 

[*1]James Keenan, Plaintiff-Appellant,
v
Christie's Inc., et al., Defendants-Respondents.
Christie's Inc., Third-Party Plaintiff-Respondent,
v
Cushman & Wakefield, Inc., Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for RCPI Landmark Properties, L.L.C., respondent.
Varvaro, Cotter & Bender, White Plains (Gregory Walthall of counsel), for Christie's Inc., respondent.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Sofya Uvaydov of counsel), for Cushman & Wakefield, Inc., respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 5, 2019, which, to the extent appealed from as limited by the briefs, granted defendant/third-party plaintiff Christie's Inc.'s (Christie's) and defendant RCPI Landmark Properties, L.L.C.'s (RCPI) motions for summary judgment dismissing the cause of action for common-law negligence, unanimously affirmed, without costs.
Defendants established that they neither created the slippery or wet condition in the mechanical room where plaintiff's accident occurred nor had actual or constructive notice of it (see generally Rosario v Prana Nine Props., LLC, 143 AD3d 409, 410 [1st Dept 2016]). Specifically, as for constructive notice, the testimony of defendants' witnesses established that they were unaware of any complaints concerning a slippery condition in the mechanical room. While plaintiff testified that he observed the slippery condition on occasion, he never told any of the defendants about it. Moreover, there is no evidence indicating that the condition on the floor of the mechanical room was visible and apparent and was in existence for such a period of time for defendants to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Waiters v Northern Trust Co. of N.Y., 29 AD3d 325, 327 [1st Dept 2006]).
As for RCPI, the relevant provisions of RCPI's lease with Christie's make clear that RCPI was not contractually obligated to make repairs to or maintain the mechanical room. Additionally, while the lease did afford RCPI a right of reentry to make needed repairs, plaintiff has not alleged either that any of the dangerous conditions on which he bases defendants' liability are significant structural or design defects or, even if they were, that those defects violated a specific statute (see Heim v Trustees of Columbia Univ. in the City of N.Y., 81 AD3d 507 [1st Dept 2011]; Reyes v Morton Williams Associates Supermarkets, Inc., 50 AD3d 496, 497 [1st Dept 2008]).
The motion court correctly determined that the alternative dangerous conditions identified by plaintiff — namely, the pipes and drain lines running across the middle of the mechanical room, over which he had to step in order to get from one side of the room to the other; the scattered, unaffixed carpet tiles on the floor; the lack of heat in the mechanical room; and the cold floor being made of concrete — were new theories of liability improperly raised for the first time in opposition to defendants' motions (see Biondi v Behrman, 149 AD3d 562, 563-564 [1st Dept 2017], lv dismissed in part, denied in part 30 NY3d 1012 [2017]; Araujo v Brooklyn Martial Arts Academy, 304 AD2d 779, 780 [2d Dept 2003]). Plaintiff's deposition testimony made clear that his theory of liability was that he slipped on a wet condition and fell onto the pipes in the middle of the mechanical room. Accordingly, these alternative dangerous conditions cannot serve as bases for imposing liability.THIS [*2]CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020