■ HELEN McDONALD et al., Respondents, v RIVERBAY CORPORATION et al., Appellants. [764 NYS2d 185] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered November 27, 2002, which denied defendant Riverbay Corporation's motion for summary judgment dismissing the complaint and any cross claims asserted against it and which granted plaintiffs' cross motion to add Jen Yoll, Inc. and Dipak C. Patel as defendants, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and the complaint and cross claims insofar as asserted against Riverbay dismissed. The Clerk is directed to enter judgment accordingly.

This is an action for personal injuries which plaintiff Helen McDonald claims she sustained when a Christmas decoration became dislodged from the ceiling and fell on her head[1] as she was exiting from defendant Bartow Stationery Store (hereinafter Bartow). Defendant Riverbay Corporation is the owner of the premises where Bartow is located.[2]

Riverbay moved for summary judgment on the ground that, as an out-of-possession landlord, it was not liable for plaintiff's injury allegedly caused by nonstructural condition. Riverbay also maintained that there was no written lease between it and Bartow at the time of the incident.[3] Plaintiffs cross-moved to add as defendants Jenn Yoll, Inc., which assigned its lease

---

1. Employees of Bartow had secured the sign, several days before this incident, with fishing line.

2. Riverbay entered into a lease agreement for the premises with Jenn Yoll, Inc., which assigned the lease, with the consent of Riverbay, to Bartow.

3. Even though the lease, which had been extended until January 31, 1997, had expired, Bartow still occupied the premises and continued to pay rent.

with Riverbay to Bartow, and Dipak C. Patel, who personally guaranteed payment of all of Bartow's debts to Riverbay.

The motion court found that the plaintiff had raised triable issues of fact whether (1) Riverbay had constructive notice of the defective condition; (2) the sign violated New York City Fire Department Rules; and (3) Riverbay was obligated to purchase liability insurance after Bartow's insurance had lapsed. Without explanation, the motion court granted plaintiffs' cross motion to add Jenn Yoll, Inc. and Dipak C. Patel as defendants. We reverse.

It is well settled that an out-of-possession owner who retained the right to reenter the premises for repairs and inspections cannot be held liable under a theory of constructive notice in the absence of "a significant structural or design defect that is contrary to a specific statutory safety provision" (*Johnson v Urena Serv. Ctr.,* 227 AD2d 325, 326 [1996], *lv denied* 88 NY2d 814 [1996]; *accord Belotserkovskaya v Café "Natalie",* 300 AD2d 521, 521-522 [2002]). Plaintiffs failed to raise a triable issue of fact that the decoration fell because of a significant structural or design defect. Moreover, even assuming either type of defect, plaintiffs accused Riverbay of violating four code or rule provisions, which are either nonspecific[4] or unrelated to the manner in which the incident occurred.[5]

Plaintiffs further contend that they are third-party beneficiaries of the insurance clauses of the lease agreement and assignment. As a threshold matter, we cannot overlook the fact that nowhere in the complaint do plaintiffs assert a cause of action against Riverbay for breach of the lease agreement and assignment or assert their status as third-party beneficiaries. In any event, plaintiffs failed to raise an issue of fact that they were the intended, as opposed to merely incidental, beneficiaries of these insurance clauses (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427, 434-435; *LaSalle Natl. Bank v Ernst & Young,* 285 AD2d 101, 108 [2001]).

---

**4.** New York City Health Code (24 RCNY) § 135.17 (c) (commercial premises shall be free from unsafe or hazardous conditions and from conditions which may endanger the life or health of employees and other persons) and Administrative Code of the City of New York (Building Code) § 27-128 (owner shall be responsible at all time for safe maintenance of building and facilities).

**5.** New York City Fire Department Rules (3 RCNY) § 19-01 (c) (2) (unlawful to maintain or install in any public space any decoration made of a combustible material unless the material is fireproofed and tested and an affidavit of such flameproofing filed with the Department) and § 19-02 (c) (4) (decorations, drapes, curtains, scenery and similar materials used for decorative purposes shall meet the requirements of 3 RCNY 19-01).

As assignor of the lease, Jen Yoll, Inc. had no ownership, occupancy or special use of the property, nor did it retain any authority or control over the property, such as daily cleaning and maintenance of the premises, upon which to base liability for a dangerous condition (*see Hilliard v Roc-Newark Assoc.,* 287 AD2d 691, 693 [2001]). Patel gave a personal guaranty on behalf of Bartow for the sole benefit of Riverbay. Plaintiffs have failed to raise an issue of fact that they were the intended beneficiaries of this guaranty (*see State of Cal. Pub. Employees' Retirement Sys., supra; LaSalle Natl. Bank, supra*). Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.