■ Joseph P. Delgiudice, III, et al., Respondents, v Harry Papanicolaou, Appellant, and VJ's Express Deli, Inc., Respondent, et al., Defendants. (And a Third-Party Action.) [773 NYS2d 282]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 12, 2003, which, to the extent appealed from, denied defendant Harry Papanicolaou's motion for summary judgment dismissing the complaint and all cross claims against him, and for summary judgment on his cross claim for contractual indemnification against defendant VJ's Express Deli, unanimously affirmed, without costs.

This was a slip and fall on ice in front of premises leased by VJ's Express Deli from Harry Papanicolaou. Appellant contends that as an out-of-possession landlord, he was not obliged to remove ice from a walkway (*see Bennett v Berger,* 283 AD2d 374 [2001]). However, the authorities relied upon by appellant involved snow or ice that accumulated naturally as a result of precipitation. The rule does not apply where the landlord has caused or exacerbated the icy condition (*id.* at 375).

The patch of ice upon which plaintiff slipped was allegedly a frozen runoff of water from the roof, resulting from a malfunctioning drainage system. Appellant was responsible, under the lease, for structural repairs. In fact, he was aware of this particular problem, having already made repairs to the faulty drain pipe that iced up at the time of this accident. Thus, despite being an out-of-possession landlord, he cannot disclaim responsibility for the accident as a matter of law. On the contrary, there is evidence from which a factfinder could reasonably determine that appellant may actually have created the hazard by failing to correct a condition, of which he had notice, that was causally connected to the slip and fall.

Furthermore, should the landlord be found negligent, then he will not be permitted to rely on paragraphs 2 and 46 of the lease in order to compel his tenant to defend and indemnify him since he cannot be indemnified for his own negligence (General Obligations Law § 5-321; *A To Z Applique Die Cutting v 319 McKibbin St. Corp.,* 232 AD2d 512 [1996]). Concur—Buckley, P.J., Tom, Sullivan, Ellerin and Williams, JJ.