■ DAVID VASQUEZ, Respondent, v THE RECTOR et al., Appellants, and GREAT PERFORMANCES/ARTISTS AS WAITRESSES, INC., Respondent. [835 NYS2d 159]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered May 11, 2006, insofar as it denied the motion of defendants The Rector, Churchwardens and Vestrymen of Trinity Church in the City of New York (collectively, the Trinity defendants) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion of the Trinity defendants granted and the complaint

as asserted against them dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, apparently an employee of Great Performances/ Artists as Waitresses, Inc. (Great Performances), sustained personal injuries in the course of his employment when he was struck by a large container he was attempting to wheel down a ramp. The aluminum ramp, the surface of which was estimated to be approximately 12 feet long and 2 feet wide, was situated on part of the premises leased by Great Performances from the Trinity defendants. Plaintiff, who has no recollection of the accident, commenced this action against the Trinity defendants and Great Performances, claiming that they failed to maintain the ramp in a reasonably safe condition. The Trinity defendants moved for summary judgment dismissing the complaint as against them. Supreme Court, among other things, denied the motion and this appeal ensued.

A landlord is generally not liable for negligence with respect to the condition of property after the transfer of possession and control to a tenant unless the landlord: (1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision (*Lane v Fisher Park Lane Co.*, 276 AD2d 136, 141 [2000], citing *Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1996], *lv denied* 88 NY2d 814 [1996]; *see McDonald v Riverbay Corp.*, 308 AD2d 345 [2003]; *Quinones v 27 Third City King Rest.*, 198 AD2d 23 [1993]). Here, the lease between the Trinity defendants and Great Performances imposes no obligation on the former to make repairs or maintain the demised premises. While the Trinity defendants retained the right to reenter, inspect and make repairs, no triable issue of fact exists regarding whether the allegedly defective condition involved a significant structural or design defect contrary to a specific statutory safety provision. On this score, the Trinity defendants' evidence demonstrates, among other things, that the ramp did not affect the structural integrity of the building on the premises (*see Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005], *lv denied* 7 NY3d 703 [2006]). Thus, the Trinity defendants sustained their initial burden of establishing their entitlement to judgment as a matter of law dismissing the complaint as against them.

In opposition, plaintiff failed to raise a triable issue of fact. The conclusory and factually unsupported affidavit of plaintiff's expert, who visited the premises after the ramp had been removed, never inspected the ramp and based his opinions on

an unauthenticated photograph of the ramp (*see Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725 [2003]; *see also Labella v Willis Seafood*, 296 AD2d 382 [2002]; *Charlip v City of New York*, 249 AD2d 432 [1998]), was insufficient to raise a triable issue of fact regarding whether the defective condition involved a significant structural or design defect contrary to a specific statutory safety provision (*see generally Kleinberg v City of New York*, 27 AD3d 317 [2006]; *Zvinys v Richfield Inv. Co.*, 25 AD3d 358 [2006]).

In light of our disposition of this appeal, the Trinity defendants' remaining arguments are academic. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.