Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered October 9, 2008, which, in an action for personal injuries, denied the motion of defendants-appellants Warren Leshen, trustee under Warren Leshen revocable trust of 1994, Dukane Fabrics International, Inc. and Crale Realty, LLC for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against defendants-appellants.
Plaintiff alleged that she was injured when, while participating in a dance class run by defendant Dance Space Center, Inc. (DSC), she tripped and fell over rubber mats covering an area of uneven flooring. The rubber mats had been placed on the floor by DSC, and plaintiff maintained that both the mats and the uneven floor contributed to her fall.
Appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that as out-of-possession owners with no contractual obligation to repair, they were not liable for plaintiffs injury. Appellants also showed that they had no actual or constructive notice of the alleged uneven floor, as the controller for appellant Dukane *555 Fabrics testified that he was unaware of any complaints regarding the floor and had never noticed any uneven portions on the floor. Plaintiff also testified that she did not notice the uneven floor before she fell (see Nieves v Burnside Assoc., LLC, 59 AD3d 290 [2009]).
In opposition, plaintiff failed to raise a triable issue of fact, as she did not allege or submit evidence showing that the alleged structural defect constituted a specific statutory safety violation (see Pulliam v Deans Mgt. of N.Y., Inc., 61 AD3d 519 [2009]; Vasquez v The Rector, 40 AD3d 265 [2007]). Nor did she submit evidence showing that appellants had notice of the alleged defective condition of the floor. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.