■ ROBERTO DEJESUS, Appellant, v ANA TAVARES, Defendant, and YAQUELINE M. MORALES, Respondent. [33 NYS3d 47]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered December 5, 2014, which granted defendant Morales's motion for summary judgment dismissing the complaint as to her, unanimously affirmed, without costs.

An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it "(1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (see *Vasquez v The Rector*, 40 AD3d 265, 266 [1st Dept 2007]).

Defendant sustained her initial burden of demonstrating that she was an out-of-possession landlord and that the alleged leak in the pipe in the kitchen sink was not a significant structural or design defect, and plaintiff failed to cite any specific statutory safety provision that was violated. In opposition, plaintiff failed to raise a triable issue of fact on these issues. His objection to defendant's affidavit, which was raised for the first time on appeal, was waived in that the issue is factual rather than legal and the defect, if any, could have been corrected by defendant before the motion court, if raised at an earlier time (see *Jordan v City of New York*, 126 AD3d 619, 620 [1st Dept 2015]).

Moreover, plaintiff failed to identify the facts essential to justify opposition to the motion which were within defendant's exclusive knowledge and control (see *Merisel, Inc. v Weinstock*, 117 AD3d 459, 460 [1st Dept 2014]). Plaintiff, defendant's brother, who was a resident of the premises, may have knowledge of the relevant issues and failed to submit his affidavit on the issue of whether defendant was an out-of-possession landlord. The affidavit of the witness to the accident did not address this factual issue. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.

Motion to dismiss appeal granted to the extent of supplementing the record on appeal to include the page of defend-

ant's affidavit that is missing from the record but was before the motion court and striking the portions of plaintiff's briefs raising that issue, and otherwise denied.