Espinoza v Minus5 HH NYC, Inc. (2020 NY Slip Op 07453)





Espinoza v Minus5 HH NYC, Inc.


2020 NY Slip Op 07453


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 152581/17 Appeal No. 12615 Case No. 2020-01226(1) 2020-03037 

[*1]Byron Espinoza, Plaintiff-Appellant-Respondent,
v
Minus5 HH NYC, Inc., Doing Business as Minus 5 Ice Bar, et al., Defendants-Respondents, The Manlyn Development Group, Inc., Defendant-Respondent-Appellant.


Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for appellant-respondent.
Clausen Miller, P.C., New York (Mara Goltsman and Don R. Sampsen, of the bar of the State of Illinois, admitted pro hac vice, of counsel), for The Manlyn Development Group, Inc., respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered January 28, 2020, which granted defendant Hilton Worldwide, Inc., d/b/a New York Hilton Midtown Manhattan's (Hilton) motion for summary judgment dismissing the complaint and all cross claims against it and denied defendant Manlyn Development Group, Inc.'s motion for summary judgment dismissing the complaint and cross claims against it, unanimously affirmed, without costs.
Plaintiff was injured at Minus5 Ice Bar, owned by defendant Minus5, when a wall made of ice started to fall, and a ceiling panel and a security camera attached to it fell on him. Minus5 had leased the premises from Hilton four years earlier and retained Manlyn to construct the bar. A year before the accident, Minus5 retained Manlyn to perform renovation work, including replacement of the ceiling.
The record demonstrates that Hilton cannot be held liable for plaintiff's injuries, although it was an out-of-possession landlord with the right to reenter the premises to inspect or repair, because the falling ceiling tile was not a structural defect nor did plaintiff cite any specific statutory safety provision that was violated (see DeJesus v Tavares, 140 AD3d 433 [1st Dept 2016]; Cuthbert v Foreign Dev. Serv., Ltd., 161 AD3d 673 [1st Dept 2018]).
The record presents issues of fact as to whether Manlyn installed the ceiling negligently and whether any such negligent installation caused plaintiff's injuries. Although Manlyn showed that a security camera was installed in the ceiling after its work was completed, plaintiff's expert engineer opined that the deficiencies in the ceiling, together with the falling ice, may have been a proximate cause of the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020