Burdier v Renaissance Midtown West, LLC (2021 NY Slip Op 06793)





Burdier v Renaissance Midtown West, LLC


2021 NY Slip Op 06793


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 23922/16 Appeal No. 14796 Case No. 2020-03259 

[*1]Luz Burdier, Plaintiff-Appellant,
v
Renaissance Midtown West, LLC, Defendant-Respondent.


Napoli Shkolnik, PLLC, New York (Joseph P. Napoli of counsel), for appellant.
Barclay Damon LLP, Albany (Colm P. Ryan of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered June 29, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie that it was an out-of-possession landlord with no duty to plaintiff to maintain the leased premises. Defendant submitted the lease agreement with nonparty tenant David's Bridal Inc. and David's Bridal, regarding the 12th floor of its building, where plaintiff's accident occurred. Pursuant to the lease agreement, David's Bridal Inc. and David's Bridal was obligated to undertake all repairs and maintenance on that floor. Defendant also submitted evidence that the leaking steam pipe to which plaintiff attributed the wet floor on which she slipped was not a significant structural or design defect (see Vasquez v The Rector, 40 AD3d 265 [1st Dept 2007]; DeJesus v Tavares, 140 AD3d 433 [1st Dept 2016]). Although the lease agreement provided defendant with a right of re-entry to make repairs if David's Bridal failed to adequately maintain the 12th floor, it did not obligate defendant to do so (see Vasquez, 40 AD3d at 266).
In opposition, plaintiff failed to raise an issue of fact. She submitted no evidence to rebut defendants' showing that it was an out-of-possession landlord. Her contention that the lease agreement obligated defendant to make plumbing repairs is unsupported by the record.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021