| |
|---|
| **Saba v Lindo Despertar Grocery Corp.** |
| 2024 NY Slip Op 31403(U) |
| April 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156897/2019 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

---------------------------------------------------------------------------------X

MIGUEL SABA,

Plaintiff,

- v -

LINDO DESPERTAR GROCERY CORP., NEW YORK
CITY CAPITAL CORP., NEW YORK CITY CAPITAL
LLC,LINDO DESPERTAR DELI GROCERY, BAHRAM
HAKAKIAN, YOKATY FERNANDEZ, DIOSMARY
FERNANDEZ,

Defendant.

---------------------------------------------------------------------------------X

NEW YORK CITY CAPITAL LLC

Plaintiff,

-against-

LICEY FOOD SERVICES CORP., CANDIDO RODRIGUEZ

Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156897/2019 |
| **MOTION DATE** | 09/21/2023 |
| **MOTION SEQ. NO.** | 003 |

### DECISION + ORDER ON MOTION

Third-Party
Index No.  595471/2022

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87

were read on this motion to/for        JUDGMENT - SUMMARY                    .

In this premises liability action, defendant New York City Capital LLC ("NYC Capital")

moves for summary judgment pursuant to CPLR 3212 dismissing plaintiff Miguel Saba's

("Plaintiff") complaint in its entirety, dismissing all cross-claims against it, and granting

summary judgment on its cross-claims against defendants Lindo Despertar Grocery Corp., Lindo

Despertar Deli Grocery (together "Lindo"), Bahram Hakakian, Yokaty Fernandez, and Diosmary

Fernandez.  Plaintiff and Lindo oppose the motion.  Lindo cross-moves for summary judgment

seeking dismissal of the Complaint and of all cross-claims against it, which NYC Capital and

**156897/2019   SABA, MIGUEL vs. LINDO DESPERTAR GROCERY CORP.**          **Page 1 of 5**
  **Motion No.  003**

[* 1]

Plaintiff oppose. Defendants Bahram Hakakian, Yokaty Fernandez, and Diosmary Fernandez (collectively "Individual Defendants") have not appeared in this action.

NYC Capital is the owner of the mixed use commercial and residential building at 202 Audubon Avenue in Manhattan ("the Premises"). Third party defendants Licey Food Corp. and Candido Rodriguez leased the Premises from NYC Capital and assigned the lease to Lindo and the Individual Defendants (collectively "Tenants") (NYSCEF Doc. No. 65, Lease).[1] At all times relevant the Tenants operated a convenience store on the Premises.

Plaintiff alleges that he slipped and fell on water in the convenience store on the Premises. He testified that he entered the store between 9:30 and 10:00 p.m. on May 1, 2019, took three steps, and slipped on the metal floor. He avers that he noticed after he fell that there was water on the floor. Plaintiff testified that it had been raining the entire day and that the floor was wet "because it was raining, there were no signs, there was no carpet, no rug on the floor" (NYSCEF Doc. No. 72, Plaintiff EBT at 18, 30). However, climatological data from the National Oceanic & Atmospheric Administration indicates that there was no precipitation on the day of the accident (NYSCEF Doc. No. 79). Lindo's employee who was at the store at the time of Plaintiff's accident testified that the building's super had come into the store on two or three prior occasions to fix leaking pipes in the ceiling, and that the last such work had been performed around 21 days before Plaintiff's accident (NYSCEF Doc. No. 73, Rodriguez EBT at 74).

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851,

---

[1] Individual defendants Yokaty Fernandez and Diosmary Fernandez signed the Assignment of Lease individually and Yokaty Fernandez also signed on behalf of Lindo Depsertar Grocery Corp. The Complaint alleges that Bahram Hakakian owned, operated, and managed the Premises, although he is not named in the Lease or Assignment.

156897/2019   SABA, MIGUEL vs. LINDO DESPERTAR GROCERY CORP.                    Page 2 of 5
   Motion No.  003

2 of 5

[* 2]

853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). The Court must view the evidence "in a light most favorable" to the nonmoving party and accord the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

NYC Capital first argues that it is entitled to summary judgment dismissing Plaintiff's complaint against it as it is an out of possession landlord and was not responsible for routine maintenance of the floor under the lease. "An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it '(1) is contractually obligated to make repairs or maintain the premises or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision'" (*DeJesus v Tavares*, 140 AD3d 433, 433 [1st Dept 2016], quoting *Vasquez v The Rector*, 40 AD3d 265, 266 [1st Dept 2007]). Here, the Lease allows NYC Capital access to the Premises to "use and maintain and replace pipes and conduits in and through the demised premises and to erect new pipes, ducts, and conduits therein . . ." (Lease at ¶ 13). It further provides that Tenants were responsible for all non-structural repairs at the Premises, including plumbing and flooring (Lease at ¶ 52).

The Court finds that there is a material issue of fact as to the source of the alleged water condition on the floor of the Premises that caused his accident. This question of fact prevents the Court from determining whether this condition was within NYC Capital's responsibilities under the Lease. Accordingly, the branch of NYC Capital's motion seeking summary judgment dismissing Plaintiff's Complaint as against it is denied.

**156897/2019   SABA, MIGUEL vs. LINDO DESPERTAR GROCERY CORP.**
**Motion No.  003**

**Page 3 of 5**

The next branch of NYC Capital's motion seeks summary judgment granting its contractual indemnification cross-claim against Tenants. It is well-established that summary judgment should be denied on a contractual indemnification claim where "a triable issue of fact exists regarding the indemnitee's negligence" (*Spielmann v 170 Broadway NYC LP*, 187 AD3d 492, 494 [1st Dept 2020] [internal quotations and citations omitted]; *see also Picaso v 345 E. 73 Owners Corp.*, 101 AD3d 511, 512 [1st Dept 2012]). As there has been no determination of NYC Capital's negligence or lack thereof, the Court denies this branch of NYC Capital's motion.

NYC Capital lastly moves for summary judgment on its cross-claim for breach of contract against Tenants for their failure to procure insurance as required by the Lease. It is undisputed that the Lease requires Lindo to procure comprehensive general liability insurance (Lease at ¶ 43[a]). In support of its motion, NYC Capital presents an uncontroverted affidavit from a member of Lindo stating that the Premises were not insured under any policy at the time of Plaintiff's accident (NYSCEF Doc. No. 71). Lindo does not present any evidence in rebuttal to NYC Capital's showing. This branch of the motion is accordingly granted.

In its cross-motion, Lindo seeks summary judgment dismissing Plaintiff's Complaint and any cross-claims against it. As to Plaintiff's negligence claim, Lindo argues that it cannot be liable as the weather records from the day of the accident showing no precipitation cannot be reconciled with Plaintiff's claims that he slipped on rainwater as Plaintiff offers no other explanation as to how the floor became wet. This branch of the motion is denied as the Court has determined that there are issues of fact as to how water came to be on the floor and therefore whether the condition fell within the responsibility of NYC Capital or the Tenants.

In its Answer, Lindo asserts cross-claims against NYC Capital for contribution and indemnification. It does not address these claims in its moving papers outside of its Notice of

**156897/2019   SABA, MIGUEL vs. LINDO DESPERTAR GROCERY CORP.**
  **Motion No.  003**

**Page 4 of 5**

Cross-Motion and does not advance any argument as to why it is entitled to summary judgment on these claims against NYC Capital. To the extent that Lindo seeks contractual indemnification against NYC Capital, summary judgment on such claim must be denied as Lindo fails to allege any contractual provision requiring NYC Capital to indemnify it. To the extent that it seeks common law indemnification, such claim must be denied as there has been no finding that Lindo is vicariously liable to Plaintiff without actual fault on its part (*see Ramirez v Almah, LLC*, 169 AD3d 508, 509 [1st Dept 2019]). Furthermore, as there has been no finding as to the liability of any defendant, summary judgment on Lindo's cross-claims for contribution and indemnification cannot be granted. The Court accordingly denies this branch of Lindo's cross motion.

Accordingly, it is hereby:

ORDERED that the motion of defendant New York City Capital LLC for summary judgment is granted with respect to its breach of contract cross-claim against defendants Lindo Despertar Grocery Corp., Lindo Despertar Deli Grocery, Bahram Hakakian, Yokaty Fernandez, and Diosmary Fernandez; and it is further

ORDERED that the remainder of the motion of defendant New York City Capital LLC for summary judgment is denied; and it is further

ORDERED that the cross-motion of defendants Lindo Despertar Grocery Corp. and Lindo Despertar Deli Grocery is denied in its entirety.

This constitutes the Decision and Order of the Court.

| 4/22/2024 | | LORI S. SATTLER, J.S.C. |
|-----------|---|-------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156897/2019   SABA, MIGUEL vs. LINDO DESPERTAR GROCERY CORP.**
**Motion No.  003**

**Page 5 of 5**