**Moller v 68 W. 128th St. Partners LLC**

2024 NY Slip Op 34322(U)

December 9, 2024

Supreme Court, New York County

Docket Number: Index No. 161546/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**
                                                    *Justice*

PART        **11M**

-------------------------------------------------------------------------------X

ELIZABETH A. MOLLER, ROBERT J. LEMONS,

Plaintiff,

- v -

68 WEST 128TH STREET PARTNERS LLC,ROYAL
HOMES ENTERPRISES INC.,SHALOM MALUL

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.            161546/2023

MOTION DATE          07/29/2024

MOTION SEQ. NO.         004

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113

were read on this motion to/for                    AMEND CAPTION/PLEADINGS                    .

Upon the foregoing documents, plaintiffs' motion is granted, and defendants' cross-motion is granted as to dismissing the first, second, and fifth causes of action against Shalom Malul and denied as to the rest.

## Background

This action arises out of a construction project on land located adjacent to the home of Elizabeth A. Moller and Robert J. Lemons (collectively, "Plaintiffs"). The land is owned by 68 West 128th Street Partners LLC ("68 West"), a subsidiary of Royal Homes Enterprises, Inc. ("Royal"). Plaintiffs allege that 68 West and Royal, through their member Shalom Malul ("Malul", together with 68 West and Royal "Original Defendants"), conducted construction work on the site without first obtaining an access agreement. Plaintiffs brought suit in November of 2023, alleging among other things that unauthorized construction work on the site has damaged Plaintiffs' home. On May 29, 2024, this Court issued an Order (the "May Order") granting Plaintiffs' motion for a preliminary injunction and noting that based on a joint

engineering report, "there appears to be little question that the work from the defendants' property caused damage to the plaintiffs' property."

Plaintiffs bring the present motion to amend the complaint, seeking to add two contractors as defendants, MSK LLC and Dan & Jr Construction Corp. (collectively, the "Contractor Defendants"). Original Defendants have opposed and cross-moved for dismissal of the complaint pursuant to CPLR § 3212(b).

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

For the reasons that follow, Original Defendants' cross-motion for summary judgment dismissing the complaint as to Malul is granted as to first, second, and fifth causes of action but denied as premature as to the third and fourth causes of action. Original Defendants' cross-motion for summary judgment dismissing the complaint as to Royal is denied as premature. Plaintiffs' motion to amend the complaint is granted.

*Original Defendants' Motion for Summary Judgment in Favor of Malul is Granted as to the First, Second, and Fifth Causes of Action but Denied as to the Third and Fourth Causes of Action*

Original Defendants' have cross-moved for summary judgment in their favor on the grounds that Malul does not have individual liability in this matter, and that Royal is simply a managing agent of 68 West and does not have liability in this matter. Plaintiffs oppose and argue that dismissal of Royal and Malul is premature as there has been no discovery conducted in this matter. Issues that Plaintiffs argue require discovery before dismissing Royal and Malul include who entered into the relevant construction contracts and who directed the construction work at issue.

Turning first to Malul, the general rule is that a corporate officer is not liable to third parties for actions taken in their role as a corporate officer. *Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 47 (1st Dept. 2012). Individual liability cannot be imposed based on "mere nonfeasance". *Hakim v. 65 Eighth Ave., LLC*, 42 A.D.3d 374, 375 (1st Dept. 2007). But "although participation in a breach of contract will typically not give rise to individual director liability, the participation of an individual director in a corporation's tort is sufficient to give rise to individual liability." *Id.*; see also Allen v. Zizzi Constr. Corp., 228 A.D.3d 478, 480 (1st Dept. 2024). Here, Plaintiffs have alleged various acts of wrongdoing by Malul and pled four causes of action against Malul in his personal capacity: violation of the New York City Building Code, negligence, private nuisance, and trespass. The fifth cause of action requests an injunction requiring Original Defendants to remove certain encroaching items from Plaintiffs' property. Because this last cause of action could only involve Malul acting on behalf of the owners of the items, the business entity/entities, there can be no individual liability on the fifth cause of action for Malul.

**161546/2023   MOLLER, ELIZABETH A. ET AL vs. 68 WEST 128TH STREET PARTNERS LLC ET AL**          **Page 3 of 7**
**Motion No. 004**

[* 3]

3 of 7

Negligence and the violations of the New York City Building Code amount to allegations of nonfeasance, which precludes individual liability unless "plaintiff establishes, as a matter of law, that the managing agent was in complete and exclusive control of the premises." *Hakim v. 65 Eighth Ave., LLC*, 42 A.D.3d 374, 375 (1st Dept. 2007). But the claims for private nuisance and trespass allege that Malul and the other defendants engaged in active tortious behavior. Malul has submitted an affidavit in which he denies taking any actions in his personal capacity. But "if a director or officer commits, or participates in the commission of, a tort, whether or not it is also by or for the corporation, he is liable to third parties injured thereby." *Greenway Plaza Office Park-1, LLC v. Metro Constr. Servs.*, 4 A.D.3d 328, 339 (2nd Dept. 2004). Because discovery has not yet been had in this case, there are issues of fact regarding Malul's actions and summary judgment in favor of Malul on the third and fourth causes of action would be premature.

*Original Defendants Motion for Summary Judgment Dismissing the Complaint as to Royal is Denied due to Issues of Fact*

Original Defendants have also cross-moved for summary judgment in Royal's favor, dismissing the complaint as to them on the grounds that there can be no liability against a managing agent for a disclosed principal. But here, Plaintiffs allege, and Original Defendants do not seem to dispute, that Royal is the disclosed principal, and 68 West is the alleged managing agent. This line of argument by Original Defendants does not establish that Royal would bear no liability for 68 West's actions that may or may not have been taken on their behalf. Furthermore, Plaintiffs have argued that summary judgment would be premature at this time, as discovery is needed in order to determine which entity or entities entered into the relevant construction contracts and directed or approved the construction work at issue. When the nonmovant in a

**161546/2023   MOLLER, ELIZABETH A. ET AL vs. 68 WEST 128TH STREET PARTNERS LLC ET AL**          **Page 4 of 7**
**Motion No.  004**

[* 4]

4 of 7

summary judgment motion shows that there are "facts essential to justify opposition [that] may exist but cannot then be stated", then discovery under CPLR § 3212(f) is warranted and a judgment on the merits is premature. *Matter of Vaccari v. Vaccari*, 172 A.D.3d 582, 583 (1st Dept. 2019). Here, who signed the contracts and was responsible for the excavation that allegedly damaged Plaintiffs' home would be an essential fact to determine, and at this pre-discovery phase Plaintiffs do not have that information. Therefore, summary judgment on Royal's behalf would be premature.

<u>*Plaintiffs' Motion to Amend the Complaint*</u>

Plaintiffs have moved to amend the complaint in order to add the Contractor Defendants. Original Defendants have opposed on the grounds that Plaintiffs failed to file a proposed supplemental summons and that the proposed pleading fails to state a cause of action. Turning first to the question of a supplemental summons, CPLR 305(a) states that "[w]here, upon order of the court [ . . .] a new party is joined in the action and the joinder is not made by the new party's motion, a supplemental summons specifying the pleading which the new party must answer shall be filed with the clerk of the court and served upon such party." The language clearly states that a supplemental summons is to be served once a court order has joined the new party, not as a necessary prerequisite in order to amend a complaint to add a new party. Original Defendants have provided no case law to the contrary.

Next, Original Defendants argue that the proposed pleading fails to state a cause of action because there can be no liability by the contractors to a third party. They point to the case law holding that "a contractual obligation, standing alone, will not generally give rise to tort liability in favor of a third party." *Espinal v. Melville Snow Contrs.*, 98 N.Y.2d 136, 138 (2002). But here, any alleged liability by the Contractor Defendants, who are considered to be the ones who likely

**161546/2023   MOLLER, ELIZABETH A. ET AL vs. 68 WEST 128TH STREET PARTNERS LLC ET AL**   **Page 5 of 7**
**Motion No.  004**

5 of 7

conducted the construction work at issue here, would not stem from a contractual relationship alone but rather from their own actions or inactions. The Original Defendants have failed to show that the proposed amended complaint fails to state a claim.

Leave to amend a pleading should be "freely given absent prejudice or surprise resulting directly from the delay." *Fairpoint Cos., LLC v. Vella*, 134 A.D.3d 645, 645 (1st Dept. 2015). Because Original Defendants have not shown that there is a viable reason to deny the request to amend the complaint to add the Contracting Defendants, Plaintiffs' motion for leave to amend will be granted. Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof, except as to the additional defendant, for which service shall occur pursuant to the CPLR; and it is further

ORDERED that the defendants shall serve an answer to the amended complaint as applicable or otherwise respond thereto within 20 days from the date of said service; and it is further

ADJUDGED that Original Defendants' cross-motion for summary judgment dismissing the complaint as to Royal Homes Enterprises, Inc. is denied; and it is further

ORDERED and ADJUDGED that Original Defendants' cross-motion for summary judgment dismissing the complaint as to Shalom Malul a/k/a Charles Malul is granted as to the first, second and fifth causes of action and those causes of action are hereby dismissed and denied as to the rest.

20241209142827LFRANKB8D54762ED4B441DBD471D47B3F2B32F

__12/9/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

__161546/2023   MOLLER, ELIZABETH A. ET AL vs. 68 WEST 128TH STREET PARTNERS LLC ET AL__          __Page 7 of 7__
__Motion No.  004__

7 of 7

[* 7]